# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### Civil Action No.:3:26-cv-00157

EMAGE MEDICAL, LLC,

*Plaintiff*,

v.

INSIGHT INNOVATION PARTNERS, LLC, and CARI RAY,

*Defendants*.

**PLAINTIFF'S REPLY AND AFFIRMATIVE DEFENSES TO DEFENDANT CARI RAY'S COUNTERCLAIMS**

NOW COMES Plaintiff Emage Medical, LLC, ("Plaintiff" or "Emage"), by and through the undersigned counsel, and hereby replies to Defendant Cari Ray's ("Defendant" or "Ms. Ray") Counterclaims and shows unto the Court as follows:

### FIRST DEFENSE:

Plaintiff responds to the numbered paragraphs in the Counterclaim as follows:

1. Plaintiff lacks sufficient knowledge and information to form an opinion as to the truth of the allegations.

2. Admitted.

3. The allegation constitutes a legal conclusion to which no response is required.

4. The allegation constitutes a legal conclusion to which no response is required.

5. Admitted.

6. Admitted.

7. Plaintiff admits that it hired Ms. Ray as independent contractor on November 1, 2019. Except as admitted, denied.

8. Plaintiff admits that Ms. Ray worked as an independent contractor for Emage until February 21, 2025. Except as admitted, denied.

1

9. Plaintiff admits that the scope of Ms. Ray's responsibilities is outlined in the First Ray ICA and the Second Ray ICA (collectively, the "ICAs"), which are both writings and speak for themselves. Plaintiff denies the allegations to the extent they contradict the ICAs.

10. Plaintiff admits that the scope of Ms. Ray's responsibilities is outlined in the First Ray ICA and the Second Ray ICA (collectively, the "ICAs"), which are both writings and speak for themselves. Plaintiff denies the allegations to the extent they contradict the ICAs.

11. Denied.

12. Denied.

13. The allegation constitutes a legal conclusion to which no response is required.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

19. The allegation constitutes a legal conclusion to which no response is required. Plaintiff further responds that Ms. Ray was hired by Emage as independent contractor and provided services to Emage. Except as admitted, denied.

20. Admitted.

21. Denied.

22. Denied.

23. Plaintiff admits it had input on pricing, commissions, and sales strategies. Except as admitted, denied.

24. Plaintiff admits advised its sales associates on best practices and sales strategies. Except as admitted, denied.

25. Admitted.

26. Admitted.

27. Admitted.

2

28. Plaintiff admits that Ms. Ray was paid a weekly fee for her contracting services as well as commissions based on sales in accordance with the terms of the ICAs. Except as admitted, denied.

29. Admitted.

30. Plaintiff lacks sufficient knowledge and information to form an opinion as to the truth of the allegations.

31. Admitted.

32. Plaintiff admits Ms. Ray hired sales personnel. Except as admitted, denied.

33. Plaintiff admits that it had the authority to terminate the ICAs in accordance with the terms set forth therein. Except as admitted, denied.

34. Plaintiff admits that Ms. Ray was an independent contractor from November 1, 2019, until February 21, 2025. Except as admitted, denied.

35. Denied.

36. Plaintiff admits that the scope of Ms. Ray's responsibilities is outlined in the First Ray ICA and the Second Ray ICA (collectively, the "ICAs"), which are both writings and speak for themselves. Plaintiff denies the allegations to the extent they contradict the ICAs.

37. Plaintiff admits that Ms. Ray was given the title of "Honorary CEO." Except as admitted, denied.

38. The referenced "FDA paperwork" constitutes a writing and speaks for itself. Plaintiff denies any allegation inconsistent with that writing. Except as admitted, denied.

39. Plaintiff admits that the scope of Ms. Ray's responsibilities is outlined in the First Ray ICA and the Second Ray ICA (collectively, the "ICAs"), which are both writings and speak for themselves. Plaintiff denies the allegations to the extent they contradict the ICAs.

40. Plaintiff lacks sufficient knowledge and information to form an opinion as to the truth of the allegations.

41. Plaintiff lacks sufficient knowledge and information to form an opinion as to the truth of the allegations.

42. Plaintiff lacks sufficient knowledge and information to form an opinion as to the truth of the allegations.

43. Plaintiff lacks sufficient knowledge and information to form an opinion as to the truth of the allegations.

44. Plaintiff lacks sufficient knowledge and information to form an opinion as to the truth of the allegations.

45. Plaintiff lacks sufficient knowledge and information to form an opinion as to the truth of the allegations.

46. Plaintiff lacks sufficient knowledge and information to form an opinion as to the truth of the allegations.

47. Plaintiff lacks sufficient knowledge and information to form an opinion as to the truth of the allegations.

48. Denied.

49. Plaintiff lacks sufficient knowledge and information to form an opinion as to the truth of the allegations.

50. Plaintiff lacks sufficient knowledge and information to form an opinion as to the truth of the allegations.

51. Plaintiff admits that Ms. Ray's compensation structure is outlined in the First Ray ICA and the Second Ray ICA (collectively, the "ICAs"), which are both writings and speak for themselves. Plaintiff denies the allegations to the extent they contradict the ICAs. Plaintiff further admits that Ms. Ray was compensated in accordance with the Second Verbal Agreement. Except as admitted, denied.

52. Plaintiff admits that Ms. Ray was an independent contractor for Emage. Plaintiff further admits that Ms. Ray's compensation structure is outlined in the First Ray ICA and the Second Ray ICA (collectively, the "ICAs"), which are both writings and speak for themselves. Plaintiff denies the allegations to the extent they contradict the ICAs. Plaintiff further admits that Ms. Ray was compensated in accordance with the Second Verbal Agreement. Except as admitted, denied.

53. Denied.

54. Denied.

55. Denied.

56. Plaintiff admits that Mr. Wallace would communicate with Ms. Ray regarding Emage business. Except as admitted, denied.

57. Denied.

58. Admitted.

4

59. Plaintiff admits that Ms. Ray's compensation structure is outlined in the First Ray ICA and the Second Ray ICA (collectively, the "ICAs"), which are both writings and speak for themselves. Plaintiff denies the allegations to the extent they contradict the ICAs. Plaintiff further admits that Ms. Ray was compensated in accordance with the Second Verbal Agreement. Except as admitted, denied.

60. Admitted.

61. Plaintiff admits that Ms. Ray's compensation structure is outlined in the First Ray ICA and the Second Ray ICA (collectively, the "ICAs"), which are both writings and speak for themselves. Plaintiff denies the allegations to the extent they contradict the ICAs. Plaintiff further admits that Ms. Ray was compensated in accordance with the Second Verbal Agreement. Except as admitted, denied.

62. Plaintiff admits that Ms. Ray's compensation structure is outlined in the First Ray ICA and the Second Ray ICA (collectively, the "ICAs"), which are both writings and speak for themselves. Plaintiff denies the allegations to the extent they contradict the ICAs. Plaintiff further admits that Ms. Ray was compensated in accordance with the Second Verbal Agreement. Except as admitted, denied.

63. Plaintiff admits that Ms. Ray's compensation structure is outlined in the First Ray ICA and the Second Ray ICA (collectively, the "ICAs"), which are both writings and speak for themselves. Plaintiff denies the allegations to the extent they contradict the ICAs. Plaintiff further admits that Ms. Ray was compensated in accordance with the Second Verbal Agreement. Except as admitted, denied.

64. Plaintiff admits that Ms. Ray's compensation structure is outlined in the First Ray ICA and the Second Ray ICA (collectively, the "ICAs"), which are both writings and speak for themselves. Plaintiff denies the allegations to the extent they contradict the ICAs. Plaintiff further admits that Ms. Ray was compensated in accordance with the Second Verbal Agreement. Except as admitted, denied.

65. Denied.

66. Plaintiff admits that Ms. Ray's compensation structure is outlined in the First Ray ICA and the Second Ray ICA (collectively, the "ICAs"), which are both writings and speak for themselves. Plaintiff denies the allegations to the extent they contradict the ICAs. Plaintiff further admits that Ms. Ray was compensated in accordance with the Second Verbal Agreement. Except as admitted, denied.

67. Plaintiff admits that the reduction in commission was connected to the sales and losses from with Cytopeels. Except as admitted, denied.

68. Plaintiff admits that the reduction in commission was connected to the sales and losses from the Cytopeels. Except as admitted, denied.

69. Plaintiff admits that Ms. Ray's compensation structure is outlined in the First Ray ICA and the Second Ray ICA (collectively, the "ICAs"), which are both writings and speak for themselves. Plaintiff denies the allegations to the extent they contradict the ICAs. Plaintiff further admits that Ms. Ray was compensated in accordance with the Second Verbal Agreement. Except as admitted, denied.

70. Plaintiff admits that Ms. Ray's compensation structure is outlined in the First Ray ICA and the Second Ray ICA (collectively, the "ICAs"), which are both writings and speak for themselves. Plaintiff denies the allegations to the extent they contradict the ICAs. Plaintiff further admits that Ms. Ray was compensated in accordance with the Second Verbal Agreement. Except as admitted, denied.

71. Plaintiff admits that Ms. Ray's compensation structure is outlined in the First Ray ICA and the Second Ray ICA (collectively, the "ICAs"), which are both writings and speak for themselves. Plaintiff denies the allegations to the extent they contradict the ICAs. Plaintiff further admits that Ms. Ray was compensated in accordance with the Second Verbal Agreement. Except as admitted, denied.

72. Denied.

73. Plaintiff admits that Ms. Ray's compensation structure is outlined in the First Ray ICA and the Second Ray ICA (collectively, the "ICAs"), which are both writings and speak for themselves. Plaintiff denies the allegations to the extent they contradict the ICAs. Plaintiff further admits that Ms. Ray was compensated in accordance with the Second Verbal Agreement. Except as admitted, denied.

74. Denied.

75. Denied.

76. Plaintiff admits that it met with Ms. Ray on January 13, 2025. Except as admitted, denied.

77. Denied.

78. Plaintiff admits that Ms. Ray willingly executed the Second Ray ICA. Plaintiff further admits that it terminated Ms. Ray's independent contractor agreement on February 21, 2025. Except as admitted, denied.

First Cause of Action
FLSA Misclassification
29 U.S.C. § 201 *et seq.*

79. Plaintiff incorporates the preceding responses herein by reference.

80. The allegation constitutes a legal conclusion which requires no response.

81. The allegation constitutes a legal conclusion which requires no response.

82. Denied.

83. Denied.

84. Denied.

85. Plaintiff admits that Ms. Ray was an independent contractor for Emage. Except as admitted, denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

Second Cause of Action
Unpaid Overtime
29 U.S.C. § 207

90. Plaintiff incorporates the preceding responses herein by reference.

91. Plaintiff lacks sufficient knowledge and information to form an opinion as to the truth of the allegation.

92. Plaintiff admits that Ms. Ray's compensation structure is outlined in the First Ray ICA and the Second Ray ICA (collectively, the "ICAs"), which are both writings and speak for themselves. Plaintiff denies the allegations to the extent they contradict the ICAs. Plaintiff further admits that Ms. Ray was compensated in accordance with the Second Verbal Agreement. Except as admitted, denied.

93. Denied.

94. Denied.

95. Denied.

Third Cause of Action
Unlawful Wage Deduction

96. Plaintiff incorporates the preceding responses herein by reference.

97. Plaintiff admits it reduced Ms. Ray's commissions as it related to the losses incurred as a result of lower sales. Except as admitted, denied.

7

98. Denied.

99. Denied.

100.     Denied.

Fourth Cause of Action
Unpaid Commissions

101.     Plaintiff incorporates the preceding responses herein by reference.

102.     Plaintiff admits that Ms. Ray's compensation structure is outlined in the First Ray ICA and the Second Ray ICA (collectively, the "ICAs"), which are both writings and speak for themselves. Plaintiff denies the allegations to the extent they contradict the ICAs. Plaintiff further admits that Ms. Ray was compensated in accordance with the Second Verbal Agreement. Except as admitted, denied.

103.     Denied.

104.     Denied.

105.     Denied.

Fifth Cause of Action
(In the Alternative to Counts 1-4)
Breach of Contract

106.     Plaintiff incorporates the preceding responses herein by reference.

107.     Plaintiff admits that Ms. Ray was hired as an independent contractor the terms of which are outlined in the First Ray ICA, which is a writing and speaks for itself. Except as admitted, denied.

108.     Plaintiff admits that Ms. Ray's compensation structure is outlined in the First Ray ICA, which is a writing and speaks for itself. Plaintiff denies any allegations inconsistent with that writing. Except as admitted, denied.

109.     Denied.

110.     Plaintiff admits that Ms. Ray's compensation structure is outlined in the First Ray ICA and the Second Ray ICA (collectively, the "ICAs"), which are both writings and speak for themselves. Plaintiff denies the allegations to the extent they contradict the ICAs. Plaintiff further admits that Ms. Ray was compensated in accordance with the Second Verbal Agreement. Except as admitted, denied.

111.     Denied.

112. Denied.

113. This statement does not constitute an allegation; therefore, no response is required.

Sixth Cause of Action<br>
Violation of the North Carolina Wage and Hour Act<br>
N.C. Gen. Stat. § 95-25.8

114. Plaintiff incorporates the preceding responses herein by reference.

115. Denied.

116. Plaintiff admits that Ms. Ray's compensation structure is outlined in the First Ray ICA and the Second Ray ICA (collectively, the "ICAs"), which are both writings and speak for themselves. Plaintiff denies the allegations to the extent they contradict the ICAs. Plaintiff further admits that Ms. Ray was compensated in accordance with the Second Verbal Agreement. Except as admitted, denied.

117. Denied.

118. Denied.

119. Plaintiff admits it reduced Ms. Ray's commissions as it related to the losses incurred as a result of lower sales. Except as admitted, denied.

120. Plaintiff admits that Ms. Ray's compensation structure is outlined in the First Ray ICA and the Second Ray ICA (collectively, the "ICAs"), which are both writings and speak for themselves. Plaintiff denies the allegations to the extent they contradict the ICAs. Plaintiff further admits that Ms. Ray was compensated in accordance with the Second Verbal Agreement. Except as admitted, denied.

121. Denied.

122. Denied.

Seventh Cause of Action<br>
Retaliation in Violation of the Fair Labor Standards Act<br>
29 U.S.C. § 215(a)(3)

123. Plaintiff incorporates the preceding responses herein by reference.

124. The allegation constitutes a legal conclusion to which no response is required.

125. Plaintiff admits it met with Ms. Ray on January 16, 2025. Except as admitted, denied.

9

126.    Denied.

127.    Denied.

128.    Denied.

129.    Denied.

130.    Denied.

131.    Denied.

132.    Denied.

133.    Denied.

All further allegations are denied.

### SECOND DEFENSE:
**(Independent Contractor Status)**

Ms. Ray's claims are barred, in whole or in part, because she was at all relevant times an independent contractor and not an employee of Plaintiff as defined by the FLSA or the NC Wage and Hour Act. Specifically, Ms. Ray exercised independent managerial skill, controlled the hours and methods of work, and maintained the opportunity for profit or loss through their own business initiative.

### THIRD DEFENSE:
**(Good Faith)**

To the extent that any violation occurred, which is denied, Plaintiff acted in good faith and with reasonable grounds for believing its actions were lawful. Therefore, liquidated damages are not warranted.

### FOURTH DEFNSE:
**(Statute of Limitations)**

To the extent that any violation occurred, which is denied, Ms. Ray's claims for wages allegedly earned more than two years prior to the filing of the counterclaim are barred by the statute of limitations under the FLSA and NC Wage and Hour Act as Plaintiff's as the alleged, and denied, violation was not willful.

## FIFTH DEFENSE:
### (Offset/Credit)

To the extent that any violation occurred, which is denied, any damages owed to Ms. Ray should be reduced by payments already made to her that exceeded the required minimum wage or by fees paid for independent services.

## SIXTH DEFENSE:
### (Highly Compensated Employee Exemption)

In the alternative, should the Court find Ms. Ray was an employee of Plaintiff, Ms. Ray's claims are barred by the Highly Compensated Employee exemption under 29 C.F.R. § 541.601. At all relevant times, Ms. Ray received a total annual compensation in excess of the Department of Labor threshold and customarily and regularly performed at least one of the exempt duties of an executive, administrative, or professional employee.

## SEVENTH DEFENSE:
### (Lack of Standing)

Ms. Ray lacks standing to assert a claim for retaliation under 29 U.S.C. § 215(a)(3) because she was at all relevant times an independent contractor, not an employee, and therefore is not a protected person under the Act.

## EIGHTH DEFENSE:
### (Non-Retaliatory Reason)

Plaintiff's decision to terminate its business relationship with Ms. Ray was based on legitimate, non-retaliatory business reasons and was wholly unrelated to any protected activities alleged by Ms. Ray.

## NINTH DEFENSE:
### (Lack of Protected Activity)

To the extent this Court finds that Ms. Ray was an employee, which is denied, Ms. Ray's claims are barred because she did not engage in "protected activity" as defined by the FLSA. Ms. Ray's alleged communications did not provide Plaintiff with fair notice that it was asserting statutory rights under the FLSA.

## TENTH DEFENSE:
### (Waiver)

In the event that this Court finds that Plaintiff breached its Agreement with Ms. Ray, which is denied, Ms. Ray's claims are barred because she knowingly accepted, approved, ratified, condoned, or failed to timely object to the conduct of which she now complains.

**ELEVENTH DEFENSE:**
**(Estoppel)**

In the event that this Court finds that Plaintiff breached its Agreement with Ms. Ray, which is denied, Ms. Ray's claims are barred by equitable estoppel to the extent that Ms. Ray through her words, conduct, omissions, approvals, and course of dealing, induced Plaintiff reasonably to act or refrain from acting, and Ms. Ray cannot now take a contrary position to Plaintiff's prejudice.

WHEREFORE, Emage, having replied to Ms. Ray's counterclaims, respectfully prays the Court:

1. That the counterclaims be dismissed with prejudice and that Ms. Ray recover nothing from Plaintiff;

2. That any and all costs be taxed to Ms. Ray;

3. For a trial by jury;

4. For such other and further relief as this Court deems just and proper.

This the 24th day of April, 2026.

**TLG Law**

/s/ David G. Redding
David G. Redding
NC Bar No.: 24476
Jordan M. LaTorre
NC Bar No.: 63378
2907 Providence Rd., Suite 303
Charlotte, North Carolina 28211
Tel. & Fax: (704) 900-2215
jlatorre@tlg-law.com
dredding@tlg-law.com
*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

 I hereby certify that I electronically filed the foregoing **Reply to Defendant Cari Ray's Counterclaims** with the Clerk of Court using the CM/ECF system, which will send a copy to all counsel as follows:

HULL & CHANDLER
1009 East Boulevard
Charlotte, NC 28203
Elizabeth Vennum
lvennum@lawyercaolina.com
*Counsel for Defendants*

This the 24th day of April, 2026.

<u>/s/David G. Redding</u>
David G. Redding
NC Bar No.: 24476
Jordan M. LaTorre
NC Bar No.: 63378
2907 Providence Rd., Suite 303
Charlotte, North Carolina 28211
jlatorre@tlg-law.com
dredding@tlg-law.com
*Attorneys for Plaintiff*
