# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte _____ **DIVISION**
**CIVIL NO.** 3:26-cv-00157 _____

| | |
|---|---|
| Emage Medical, LLC _____ ) | |
| _____ ) | |
| _____ ) | |
| _____ ) | |
| _____ ) | |
| _____ ) | |
| **Plaintiff[s],** ) | |
| ) | |
| **vs.** ) | **CERTIFICATION AND REPORT OF** |
| ) | **F.R.C.P. 26(f) CONFERENCE** |
| Insight Innovation Partners, LLC and ) | **AND DISCOVERY PLAN** |
| Cari Ray _____ ) | |
| _____ ) | |
| _____ ) | |
| _____ ) | |
| _____ ) | |
| _____ ) | |
| _____ ) | |
| **Defendant[s].** ) | |
| _____ ) | |

*Please fill in or check the appropriate blanks (print legibly) to certify completion of the Rule 26(f) Attorney's Conference and provide the required information to the Court.  Where the parties were unable to agree on a specific provision or item, please so note and attach any necessary explanation.  Please note that this information will be used as a guideline by the judge conducting the Initial Pretrial Conference or issuing the Initial Pretrial Order.*

1. Certification of Conference.  Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on May 12 _____ (*date*) [ ] at 1:00pm _____ (*place*) or [✔] by telephone and was conducted by the undersigned counsel for the designated parties in the above-captioned case.

2. Pre-Discovery Disclosures.  The information required by Fed. R. Civ. P. 26(a)(1) (*check one*)   [ ] has been exchanged       [✔] will be exchanged by June 26, 2026 _____ (*date*).

3.    Discovery Plan. The parties jointly propose to the court the following discovery plan: [*Use separate paragraphs or subparagraphs as necessary if parties disagree.*]

a)  All discovery shall be commenced in time to be completed by
January 15, 2026 _____(*date*).

[*if needed*] Discovery on

_____

_____
(*identify any issues requiring early discovery*) will be completed by
_____ (*date*).

b)    Discovery Limits:
1)    Maximum of 40____ (*ordinarily 20*) interrogatories by each party to any other party .
2)    Maximum of 20____ (*ordinarily 20*) requests for admission by each party to any other party.
3)    Maximum of 6____ depositions by plaintiff(s) and 6_____ by defendant(s) (*ordinarily 6 each*) [or ____ by *each* plaintiff and _____ by *each* defendant].

c)    Reports from retained experts under Rule 26(a)(2) will be due:
-from plaintiff(s) by September 28, 2026 _____(*date*)
-from defendant(s) by October 28, 2026 _____(*date*)
Supplementations under Rule 26(e) due within 30 days of new info (*list time(s) or interval(s)*)

4.    Other Items. [*Attach separate paragraphs as necessary if parties disagree.*]
a)    The parties [ ] request  [✓] do not request    a conference with the court before entry of the scheduling order.

b)    All potentially dispositive motions should be filed by February 15, 2027 ____
(*date, ordinarily one month after the close of discovery*)

c)    Settlement:
[✓] is likely
[ ] is unlikely
[ ] cannot be evaluated prior to _____(*date*)
[✓] may be enhanced by use of the following ADR procedure:

[✓] Mediated Settlement Conference
[ ] binding arbitration
[ ] judicial settlement conference
[ ] other _____

The parties agree that the above selected ADR procedure would be most useful if conducted:

[ ]    after resolution of any outstanding dispositive motions, but prior to further discovery;

☐    after an initial round of preliminary discovery to be completed by _____ (*date*);

☑    after the completion of discovery;

[ ]    after resolution of summary judgment motions, if any

[ ]    not applicable.

d)    Final lists of witnesses and exhibits under Rule 26(a)(3) are due:
     from plaintiff(s) by _10 days prior to trial_ (*date*)
     from defendant(s) by _10 days prior to trial_ (*date*)

e)    If the case is ultimately tried, trial is expected to take approximately _3_____ days.

f)    ☑    The parties have discussed the issue of consent to the jurisdiction of a U.S. magistrate judge.

5.    Please identify any other matters regarding discovery or case management which may require the Court's attention (e.g., concerns re: confidentiality, protective orders, etc., unmovable scheduling conflicts)

N/A
_____
_____
_____
_____
_____
_____
_____

| /s/Jordan LaTorre | Emage Medical | 5/12/26 | | /s/ Elizabeth Vennum | Defendants | 5/12/26 |
|---|---|---|---|---|---|---|
| *Plaintiff's Counsel* | *Party* | *Date* | | *Defendant's Counsel* | *Party* | *Date* |
| | | | | | | |
| *Plaintiff's Counsel* | *Party* | *Date* | | *Defendant's Counsel* | *Party* | *Date* |
| | | | | | | |
| *Plaintiff's Counsel* | *Party* | *Date* | | *Defendant's Counsel* | *Party* | *Date* |
| | | | | | | |
| *Plaintiff's Counsel* | *Party* | *Date* | | *Defendant's Counsel* | *Party* | *Date* |
| | | | | | | |
| *Plaintiff's Counsel* | *Party* | *Date* | | *Defendant's Counsel* | *Party* | *Date* |

(*attach additional sheets if necessary*)